IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT MCGEE,
                Plaintiff,

v.

THE PROCTOR & GAMBLE
DISTRIBUTING CO., and
THE PROCTOR & GAMBLE CO.,
                Defendants.

Civil Action No.

02-1121

**MEMORANDUM/ORDER**

March 12, 2007

      In Docket #73, plaintiff Robert McGee moves this court to reconsider its opinion and order granting partial summary judgment on his employment discrimination claims in favor of defendants Procter & Gamble Company and Procter & Gamble Distributing Company ("P & G").[1] Docket # 72. For the reasons given below, I will deny his motion for reconsideration.

      The factual and procedural background to McGee's case is described in the

---

[1] P & G, McGee's employer, is a wholly owned subsidiary of the Procter & Gamble Company.

1

opinion filed by the court on August 3, 2006. Docket # 72.  The relevant background to McGee's motion is as follows.  McGee's amended complaint, Docket # 3, raised six causes of action: (1) discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. ("ADA"); (2) discrimination contravening the Rehabilitation Act, 29 U.S.C. § 794 et seq; (3) discrimination prohibited by the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. § 951 ("PHRA"); (4) breach of contract; (5) breach of the implied duty of good faith and fair dealing; and (6) negligent supervision.  After the completion of discovery, defendants motioned for summary judgment on each of McGee's claims. Docket # 38.  At that point, McGee sought to "substitute" a claim of discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA") for his Rehabilitation Act claim. Pl. Statement of Facts, Docket # 49 at 4; Memo Opp. Summary Judgment, Docket # 49 at 18.  In an opinion and order filed on August 3, 2006, this court granted summary judgment to defendants on "all claims save for plaintiffs disability retaliation claim." Docket # 72 at 1-2. McGee now moves the court to reconsider its decision with respect to his ADA, PHRA, negligent supervision, and ADEA claims.

     "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).  As the Third Circuit has noted, "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact

or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). McGee alleges the existence of "evidence in the record, overlooked by the Court in its Opinion, that show[s] material facts in dispute and . . . demonstrate[s] clearly erroneous findings." Docket # 78 at 1. He also asserts that, "[b]ecause in some cases it appears that the Opinion did not consider the evidence in the light most favorable to the non-movant, there are errors of law" in the court's decision. *Id.*

As a threshold matter, defendants argue that McGee's motion for reconsideration is untimely under Rule 7.1(g) of the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania. Docket # 75 at 1. Local Rule 7.1(g) provides that "[m]otions for reconsideration . . . shall be served and filed within ten (10) days after the entry of the judgment, order, or decree concerned." This period does not include Saturdays, Sundays, or legal holidays, *see* Fed. R. Civ. P. 6(a) ("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.").

Because McGee received electronic notice of this court's order on August 3, 2006, his ten-day period for filing a motion to reconsider expired on August 17, 2006.[2] The record indicates that McGee's motion for reconsideration was electronically filed at 12:26 am on August 18, 2006. Thus, strictly speaking, McGee's motion is untimely by

---

[2] Federal Rule of Civil Procedure 6(e) "adds three days to the filing period when the Clerk of Court's office mails an order to the parties." *Meachum v. Temple University*, 56 F.Supp. 2d 557, 557 n.1 (E.D.Pa. 1999).

the standards of Rule 7.1(g).  It is arguable that even this minimal untimeliness would constitute a sufficient basis for denying McGee's motion.  However, there is an independent, and sounder, ground for declining to reconsider my opinion and order of August 3: namely, that McGee has not established that reconsideration is called for to address newly discovered evidence or to "correct a clear error or prevent manifest injustice." *NL Industries, Inc. v. Commercial Union Ins. Co.*, 65 F.3d 314, 324 n.8. (3d Cir. 1995); *see also id.* (noting that "federal courts always retain the discretion to reconsider issues already decided in the same proceeding").  I review the reasons for this conclusion below.

### (1) ADA Claim

In my opinion of August 3, I observed that, under *Fiscus v. Wal-Mart Stores, Inc.*, 385 F.3d 378 (3d Cir. 2004), an employee seeking to establish a statutorily protected disability must (1) show that he has an impairment, (2) identify the life activity that he claims is limited by the impairment, and (3) prove that the limitation is substantial. *Id.* at 382.  Reviewing the record, I determined that

> nowhere in his materials does McGee identify the major life activities that he believes have been substantially limited by his depression, which is required under prong two of the *Fi[s]cus* analysis.  Instead, at the outset of this litigation, he merely asserted that his depression "substantially limits one or more major life activities as defined by the ADA," [Docket # 3 at 14], but then never offered any evidence or made further arguments regarding which "major life activities" he was referencing.

Docket # 72 at 12-13.  Although McGee alleges that this finding of the court was incorrect, his motion for reconsideration does not point to any record evidence tending to show that he identified the major life activity he believes to have been limited—or the basis for his belief that the limitation is substantial—in a manner that would put defendants or the court on notice of his specific claims.  Indeed, McGee continues to offer a non-exclusive list of major life activities that his impairments have allegedly limited. Docket # 78 at 2 (asserting that McGee "did identify major life activities . . . including but not limited to 'sleeping' and 'comprehending' or 'thinking'"); Pl. Statement of Facts, Docket # 49 at 1 (stating that McGee suffered from conditions that "substantially limit major life activities, *inter alia*, his appetite, sleeping, breathing during panic attacks, thinking, concentrating, interacting with others, and feeling any joy in life").  Accordingly, I conclude that McGee has failed to set out a basis for reconsideration of his ADA claim.

### (2) PHRA Claim

The Third Circuit has observed that

> [t]o bring suit under the PHRA, a plaintiff must first have filed an administrative complaint with the PHRC [(Pennsylvania Human Rights Commission)] within 180 days of the alleged act of discrimination. 43 Pa. Cons. Stat. §§ 959(a), 962. If a plaintiff fails to file a timely complaint with the PHRC, then he or she is precluded from judicial remedies under the PHRA.

*Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997) (citing *Vincent v. Fuller*

*Co.*, 616 A.2d 969, 974 (Pa. Super. Ct. 1992)).  In my opinion of August 3, I noted that "[t]he last possible discriminatory event in the record is McGee's unstaffing on March 13, 2000," giving McGee until September 9, 2000 to file his PHRA complaint, Docket # 72 at 21; and that "McGee acknowledges that he did not file a complaint with either the EEOC or the PHRC until September 22, 2000 at the earliest," *id.*  Accordingly, I granted summary judgment in favor of defendants.

McGee argues that it was incorrect to grant summary judgment for defendants because the record reveals a material dispute as to when P & G's last act of discrimination occurred.[3]  Specifically, he asserts that he has "consistently alleged that P & G engaged in continuing discrimination against him."  He also asserts that he offered evidence tending to show "continuing actions by P & G lasting at least into May, 2000" in the form of his testimony that "[h]e did not learn the adverse consequences of his non-staffing until May, when the company 'offered' him relocation to Pittsburgh, which

---

[3] McGee also alleges that summary judgment was inappropriate because there is a disputed issue of material fact as to when he filed his PHRC complaint.  In the alternative, he argues that, even if his PHRC complaint was untimely, "[t]here should be equitable tolling if the Court somehow determines the filing date was late."  Docket # 78 at 10.  However, both these arguments assume that the court took McGee's date of filing to be December 21, 2000. *See id.* ("No Pennsylvania court would dismiss his [PHRA] charge on the ground . . . that EEOC did not officially transmit it until December 21, 200, as argued by Defendant."); *see also id.* at 9 (asserting the presence of a material issue of disputed fact on the basis that, while "[d]efendant continues to claim that Plaintiff did not file with the PHRC until December 21, 2001," McGee's PHRC declaration "does not state that PHRC did not receive a hand delivered Charge from Mr. McGee on September 22, 2000").
   As noted above, the court's analysis assumes the correctness of McGee's proffered date of September 22, 2000.  Thus, McGee's two additional arguments are unavailing.

P & G knew he could not accept." Docket # 78 at 7.

In the complaint he filed with the PHRC, McGee checked the box for "continuing action" and stated that the discrimination in question took place from "10/96 through the present." McGee also included general allegations about continuing discrimination in the complaint he filed with this court. *See, e.g.*, Docket # 3 at ¶ 42 ( alleging that "[w]hile Mr. McGee was on disability in [April] 2000, P & G allowed its agents to treat him with disrespect and harassment"); *id.* at ¶ 49 (alleging "continued mistreatment"); *id.* at ¶ 56 (stating that "[d]efendants have subjected, and continue to subject, Plaintiff to continuing acts of discrimination"). However, McGee nowhere elaborates on the factual basis for these allegations. Nor does his statement of facts mention any discriminatory acts subsequent to his "unstaffing" on March 13, 2000. Pl. Statement of Facts, Docket # 49 at 5.

In view of McGee's failure to point to record evidence tending to establish the existence of any discriminatory acts after March 13, 2000, it was not incorrect for the court to take McGee's unstaffing as "[t]he last possible discriminatory event in the record." Thus, McGee has not set out a basis for reconsideration of his PHRA claim.

### (3) Negligent Supervision Claim

I previously determined that McGee's supervisory negligence claim was governed by the Pennsylvania Workers' Compensation Act ("WCA"), codified at 77 Pa. Stat. § 1

*et seq.* The WCA, which " is the exclusive remedy for work-related injuries suffered by an employee," Docket # 72 at 25 (citing 77 Pa. Stat. § 481(a)), provides employers with "immunity from suits for injuries that flow from work-related incidents that are caused by a third party," *id.* (citing 77 Pa. Stat. § 481(b)), unless the injury was "caused by the act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment," *id.* (citing 77 Pa. Stat. § 411(1)).

In my opinion of August 3, 2006, I concluded that McGee "ha[d] not met his burden of adducing evidence tending to show that [Marty] Monserez's actions were rooted in personal animus." Docket # 72 at 26. As I explained,

> McGee asserts that Monserez maintained some personal animus, but the record evidence does not support this assessment. In support of his claim, McGee points to the fact that Monserez did not return McGee to his previous ranking of "1" once Guenther was removed as his supervisor. However, the evidence in the record indicates that in 1998 Monserez articulated a number of *work*-related reasons for his dissatisfaction with McGee's *work* performance. These include Monserez's belief that McGee caused "tension" with his colleagues over the years, "inappropriate and unprofessional" work behavior, and inappropriate customer contact. Though McGee disputes Monserez's characterization of these incidents, they are work-related incidents, and, therefore, do not provide support for the "personal animus exception" to the WCA.

*Id.* at 26-27 (internal citations omitted).

McGee asserts that, in "credit[ing] Monserez'[s] proffered 'business reasons,'" the court overlooked a number of statements that Monserez made about McGee's work performance. Docket # 78 at 11. However, as I noted in my opinion, a party attempting

to establish the applicability of the personal animus exception must show that the complained-of injury was "motivated by . . . animosity against the injured employee." Docket # 72 at 26 (quoting *Vosberg v. Connolly*, 591 A.2d 1128, 1131 (Pa. Super. Ct. 1991)). The evidence that McGee cites in his motion for reconsideration shows only that Monserez was generally satisfied with McGee's work performance, with the exception being certain concerns about McGee's interactions with others. It does not tend to tend to establish animosity between him and Monserez. Thus, McGee has not set out a basis for reconsideration of his negligent supervision claim against Monserez.[4]

### (4) ADEA Claim

In my opinion of August 3, 2006, I concluded that McGee's ADEA claim was not properly before the court because McGee had not followed the instructions set out in Federal Rule of Civil Procedure 15(a) when seeking to add this claim. Rule 15(a) states that, after a responsive pleading has been served, " a party may amend [that] pleading only by leave of court or by written consent of the adverse party." As I determined, McGee had neither sought "leave of the court" or obtained "written consent of the adverse party" before seeking to add his ADEA claim. Docket # 72 at 8. I further stated that, even if McGee's "articulation of the ADEA claim might be construed as a motion to amend his complaint, the motion will be denied for his lack of diligence in presenting

---

[4] McGee does not challenge the court's determination that his negligent supervision claim is time-barred insofar as it involves Mike Guenther and Art Sprague.

this claim." *Id.* As I explained,

> McGee filed his initial complaint in March of 2002 and his amended complaint in April of 2002, which was two years after leaving work in April of 2000. After requesting additional time to respond to defendants' motion for summary judgment, McGee did not present his ADEA claim until he filed his memorandum of law in opposition to the summary judgment motion, which was filed in November of 2004. At no point has McGee explained why he did not bring his ADEA claim until two and one-half years after the filing of his amended complaint. Consequently, McGee's constructive motion to amend his complaint to include the newly raised age discrimination ADEA claim will be denied. *Hill* [*v. City of Scranton*, 411 F.3d 118, 134 n.26 (3d Cir. 2005)] (noting that a district court may properly decline to grant a Rule 15(a) motion for lack of diligence when the party has waited for more than two years before raising the claim for the first time and fail[ed] to explain the delay).

*Id.* at 8-9.

In his motion for reconsideration, McGee states that "[a]lthough [his] Amended Complaint does not have a separate roman numeral claim for Age Discrimination," he has consistently given notice that "he was discriminated against on the basis of age." Docket # 78 at 13. McGee does, indeed, mention discrimination on the basis of age at several points in his filings. However, as I have previously observed, McGee did not designate the ADEA as one of his causes of action prior to November 2004. Thus, it was not incorrect for the court to conclude that McGee's references to discrimination on the basis of age represented an attempt to make out a claim of age discrimination under the PHRA. Accordingly, I decline to consider this aspect of my August 3, 2006 opinion and order.

**Conclusion**

And now, upon consideration of plaintiff Robert McGee's motion for reconsideration (Docket # 73) of this court's opinion and order granting partial summary judgment in favor of defendants Procter & Gamble Company and Procter & Gamble Distributing Company, it is hereby ordered that plaintiff's motion is **DENIED**.

BY THE COURT:

_____/s/ Louis H. Pollak_____
POLLAK, J.